# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **TAYLOR MADISON FRANCOIS BODINE** | ) | Case No. 21-11238-KHK |
| | ) | (Chapter 7) |
| **Debtor** | ) | |
| _____ | ) | |
| | ) | |
| **LANI HAY** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. _____ |
| | ) | |
| **TAYLOR MADISON FRANCOIS BODINE** | ) | |
| | ) | |
| **Serve:** | ) | |
| **Taylor Madison Francois Bodine** | ) | |
| **42779 Travelers Run Lane** | ) | |
| **Leesburg, VA 20176** | ) | |
| | ) | |
| **Debtor.** | ) | |
| _____ | ) | |

## COMPLAINT FOR NON-DISCHARGEABILITY OF DEBT

Plaintiff, LANI HAY ("**Plaintiff**" or "**Hay**"), by and through her undersigned counsel, hereby files this Complaint for Non-Dischargeability of Debt against Debtor, TAYLOR MADISON FRANCOIS BODINE ("**Debtor**"), and in support thereof states as follows:

### Parties

1. On or about July 12, 2021 ("**Petition Date**"), the Debtor filed a Chapter 7 Petition in this Court.

Benjamin P. Smith (VSB 90430)
William B. Schroeder (VSB 43179, *pro hac vice* pending)
Shulman, Rogers, Gandal, Pordy & Ecker, P.A.
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854
(301) 230-5200
(301) 230-5231
*Counsel for Plaintiff*

2. The Plaintiff is now a resident of California, who previously resided at all relevant times to this action in Loudoun County, Virginia.

3. The Debtor resides at 42779 Travelers Run Lane, Leesburg, Virginia 20176. The Debtor is also the owner and operator of Francois-Bodine Consulting.

4. The Debtor completed her undergraduate education at Louisiana Tech in political science and business and received a Juris Doctorate degree from American University Washington College of Law in 2018. *See* Deposition Transcript of Taylor Francois Bodine related to the instant claim ("**Bodine Depo,**" pp. 19-20) A copy of relevant portions of the Bodine Dep. Transcript is attached hereto as Exhibit 1.

## Jurisdiction and Venue

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 523(a).

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391.

7. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I) and (O).

## Factual Background

8. By this Complaint, Hay seeks a determination that the indebtedness that the Debtor owes to Hay is non-dischargeable in accordance with 11 U.S.C. § 523(a)(2)(A).

9. Hay provided the original amount of $50,000.00, as evidenced by a certain Consulting Personal Introductions Agreement dated October 20, 2018 ("**Agreement**"). A copy of Agreement is attached hereto as Exhibit 2.

10. Debtor misled and induced Hay to reasonably believe that she would provide social introductions and matchmaking services to Hay in exchange for valid consideration.

11. Debtor, however, did not intend to render such services and never intended to make proper social introductions to Hay, despite her materially false representations to the contrary.

12. In connection with the Agreement, Debtor represented that all of the information provided to Hay concerning the matchmaking services for the purpose of obtaining a suitable Candidate for Hay to meet was accurate in all material respects.

13. As of the Petition Date, Debtor owed $50,000 to Hay, including interest and attorneys' fees pursuant to pursuant the Agreement and the underlying Lawsuit previously pending in the Circuit Court for Loudoun County, Virginia (Case No. 107-CL-19-00061300) ("**Lawsuit**").

14. In order to induce Hay to enter into the Agreement, the Debtor made certain false representations of material facts, provided Hay with an inaccurate personal information and provided Hay with materially false and misleading documents concerning the Debtor's services.

15. Debtor falsely represented herself as a luxury matchmaking and elite relationship consulting firm in the Washington D.C. Metropolitan Area.

16. On her website and in person, Debtor falsely claimed to do provide matchmaking services nationwide.

17. Debtor falsely promised Hay that Debtor would personally interview and investigate each and every Candidate that she introduced to Hay.

18. Debtor falsely promised to introduce Candidates to Hay that fell within the "top 1% circle" and the particular criteria, qualifications, and characteristics that Hay and Debtor discussed.

19. Debtor falsely promised to be available to prepare and debrief Hay for the social introductions to the Candidates.

20. Debtor falsely promised and Debtor represented that she and her "staff" had a unique and special process to identify qualified Candidates for Plaintiff that had "an almost 100% success rate."

21. Hay agreed to execute the Agreement and make payment of $50,000 in cash to Debtor, after reasonably relying on the Debtor's false promises and material misrepresentations.

22. Thereafter, Debtor provided Hay with four (4) social introductions to prospective Candidates, requiring Hay to travel, incur costs, forego other activities, and make arrangements to meet the Candidates proffered by Debtor.

23. None of the Candidates were appropriate, qualified, or met Hay's criteria.

24. The Candidates had never spoken with Debtor or were not at all familiar with her.

25. Hay attempted to reach Debtor and her "staff," but only received sporadic email responses.

26. Debtor was suddenly not available to discuss any of the social introductions.

27. There was no special or unique process or due diligence being undertaken with the social introductions that Debtor was making to Hay.

28. Instead of providing proper Candidates for Hay to meet as she had promised, Debtor began blaming and criticizing Hay, as part of her scheme that she has employed against at least two (2) other consumers across the country.

### COUNT I (Fraud)
### 11 U.S.C. § 523(a)(2)(A)

29. Hay incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

30. Debtor's statements of fact and promises to Hay that she made to induce Hay to execute the Agreement were false.

31. Specifically, Debtor mischaracterized and misstated the material facts about the quality and character of the personal, consumer services that she offered.

32. Debtor falsely stated that she provided high quality, elite matchmaking services and make proper social introductions to qualified Candidates pursuant to her unique and special process after interviewing and investigating each Candidate that she proposed.

33. Debtor's services were not high quality and she did not have any unique or special process to interview, investigate, and propose proper Candidates to Hay.

34. Debtor did not, and could not, provide high quality, elite matchmaking services, as she had promised Hay.

35. Debtor did not, and could not, make proper social introductions to qualified Candidates pursuant to any "special" process or after interviewing and investigating each Candidate, as she had promised Hay.

36. Hay is also consumer and Debtor is a supplier who provides personal, consumer services to the public, as defined and contemplated by the Virginia Consumer Protection Act ("**VCPA**"). Va. Code § 59.1-197, *et. seq.* (Thomson Reuters 2019).

37. Debtor falsely marketed and advertised herself and her business as a leading, luxury matchmaking and elite relationship consulting firm in the Washington D.C. Metropolitan Area.

38. On multiple occasions, Debtor advertised, marketed, and made separate false and misleading promises and representations to Plaintiff regarding the character and quality of her reputation, experience, and abilities; the nature, quality and character of her business; the nature, quality and character of the social introductions and process that she purportedly employed to identify and introduce proper, qualified Candidates to Plaintiff.

39. Debtor did not intend to proceed with the terms of the Agreement and made false and misleading statements of material facts and future performance to induce Plaintiff to execute the Agreement, intending to accept Plaintiff's money and then fail to perform the services as promised.

40. Debtor's intentional representations and business practices were deceptive and misleading, tending to injure Plaintiff as a consumer and the public in general in violation of the VCPA. Va. Code § 59.1-200.

41. Debtor acted with malice and ill will in making the false statements and misleading representations, abusing Hay's information and trust for her own personal, financial motives.

42. Debtor's statements and promises to Hay were misleading and caused actual injury to Plaintiff.

43. Debtor took Hay's money and converted it for her own personal use and consumption, rather than using it in any way to comply with her obligations under the Agreement.

WHEREFORE, Hay prays that this Honorable Court determine that the judgment against the Debtor in the amount of fifty thousand dollars ($50,000.00) with interest from the date of October 20, 2018, through the date of judgment is non-dischargeable, and that Hay be granted

such other and further relief as is just and proper, including but not limited a non-dischargeable award of her attorneys' fees reasonably incurred.

Respectfully submitted,

**SHULMAN, ROGERS, GANDAL,
PORDY & ECKER, P.A.**

By:    /s/ Benjamin P. Smith
Benjamin P. Smith (VSB 90430)
William B. Schroeder (VSB 43179, *pro hac vice* pending)
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854
TEL:   (301) 230-5200
FAX:   (301) 230-2891
Email: bsmith@shulmanrogers.com
           wschroeder@shulmanrogers.com
*Counsel for Plaintiff*