**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| *In re:* ) | |
| ) | Case No. 21-11238-KHK |
| TAYLOR MADISON FRANCOIS ) | |
| BODINE, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| ) | |
| LANI HAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. 21-01056-KHK |
| ) | |
| TAYLOR MADISON FRANCOIS ) | |
| BODINE, ) | |
| ) | |
| Defendant. ) | |

## DEBTOR'S MOTION TO DISMISS THE COMPLAINT

Defendant Taylor Madison Francois Bodine ("Debtor") respectfully moves for entry of an order dismissing plaintiff Lani Hay's "*Complaint for Non-Dischargeability of Debt*" (the "Complaint") [Docket No. 1] pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) as made applicable herein by Federal Rules of Bankruptcy Procedure 7009 and 7012(b) respectively.[1]  For the reasons stated below, the Complaint does not adequately plead a claim for fraud under section 523(a)(2)(A) of the United States Bankruptcy Code because its

---

[1] All "Rule" references herein are to the Federal Rules of Civil Procedure.

Stephen E. Leach (Va. Bar No. 20601)
HIRSCHLER FLEISCHER PC
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
(703) 946-1365
sleach@hirschlerlaw.com
*Counsel for Taylor Madison Francois Bodine*

amorphous allegations do not satisfy the "particularity" requirements of Rule 9(b). Having failed to satisfy the pleading standards of Rule 9(b), the Complaint must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## I.     STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter [to] 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal is appropriate if a complaint "offers labels and conclusions or a formulaic recitation of the elements of a cause of action" or "tenders naked assertions devoid of further factual enhancement." *Id.* (internal citation and quotation omitted). It is thus insufficient for a plaintiff merely to assert that statements were fraudulent without providing any detail as to why they were false.

In all pleadings alleging fraud, Rule 9(b) requires that the "circumstances" constituting the fraud be pleaded with particularity. The "circumstances required to be pled with particularity under Rule 9(b) are the time, place, and contents of the false representations, as well as the identity of the person making the representation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (citation and quotation marks omitted); *Wood v. Southside Physician Network, LLC*, 2019 U.S. Dist. LEXIS 126179 at *24 (E.D. Va. July 29, 2019). Lack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6). *Wood,* at *24 (citing *Harrison*, 176 F.3d at 783 n.5).

"In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must 'allege facts sufficient to state all the elements of [his or] her claim.'" *Parkman v.*

2

*Elam*, 2009 U.S. Dist. LEXIS 21578 at *6 (E.D. Va. Mar. 17, 2009) (quoting *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)) (additional citations omitted). The five elements of a claim for fraud under section 523(a)(2)(A) of the Bankruptcy Code are "(1) that the debtor made a representation; (2) that at the time the representation was made, the debtor knew it was false; (3) that the debtor made the false representation with the intention of defrauding the creditor; (4) that the creditor justifiably relied upon the representation; and (5) that the creditor was damaged as the proximate result of the false representation." *Lind-Waldock & Co. v. Morehead*, 1 Fed. Appx. 104, *106, 2001 U.S. App. LEXIS 25, **5-6 (4th Cir. 2001) (citing *Foley & Lardner v. Biondo (In re Biondo)*, 180 F.3d 126, 134 (4th Cir. 1999)).

## II. THE ALLEGATIONS OF THE COMPLAINT DO NOT PLEAD FRAUD WITH THE PARTICULARITY REQUIRED UNDER RULE 9(b)

Stripped to its essence, the Complaint alleges that the Debtor over-promised results and later under-performed. As such, the Complaint at best states[2] a claim for breach of contract. But facing the prospect that the claim is subject to discharge, plaintiff is here attempting to transmute a garden-variety contract claim of an unhappy customer into a premeditated scheme to defraud. Plaintiff does this through the simplest of devices: she repetitively asserts, in conclusory fashion, that virtually everything Debtor told her was a lie. But repeatedly crying "fraud" as the Complaint does is woefully insufficient under Rule 9(b)'s requirement that the elements of fraud be pleaded with "particularity." Indeed, the Complaint represents precisely the type of generalized, unsupported, after-the-fact, conclusory fraud claims that Rule 9(b) is designed to root out.

---

[2] The Debtor does not concede that the Complaint even states a claim for breach of the written Francois Bodine Consulting Personal Introductions Agreement (the "Agreement") between plaintiff and Debtor's company. A copy of the Agreement was attached to the Complaint as Exhibit 2.

3

At noted above, the Fourth Circuit in *Harrison* ruled that to satisfy the particularity requirement of Rule 9(b) for pleading fraud, a claimant must provide the "time, place, and contents of the false representations, as well as the identity of the person making the representation and what he obtained thereby." *Id.* at 784-85. The Court also noted that among the purposes of Rule 9(b) was to protect defendants from frivolous suits and "to eliminate fraud actions in which all the facts are learned after discovery." *Id.* at 785. In short, the plaintiff must "show her cards" in the Complaint and cannot sit back while the Debtor tries through discovery to learn plaintiff's alleged facts.

Paragraphs 10 and 11 of the Complaint (which begin plaintiff's repetitive fraud mantra) nicely distill the Complaint's conclusory approach and failure to provide the particularity required by Rule 9(b) and *Harrison*:

> 10. Debtor misled and induced Hay to reasonably believe that she would provide social introductions and matchmaking services to Hay in exchange for valid consideration.
>
> 11. Debtor, however, did not intend to render such services and never intended to make proper social introductions to Hay, despite her materially false representations to the contrary.

The absence of any detailed basis for these conclusory assertions is glaring. What precisely did the Debtor say about the services that would be provided under the Agreement; did those statements differ from the terms of the Agreement; and what is plaintiff's basis for saying that the Debtor's representations were intentionally fraudulent. It is not enough simply to conclude, after-the-fact, that the Debtor was acting with fraudulent intent. What, other than plaintiff's dissatisfaction with the services she received from Debtor's company, reflects that the Debtor was committing fraud and not merely describing the services the company would endeavor to

provide? Further, without detail as to what was said, it is impossible to assess whether plaintiff's belief that she would receive certain services was reasonable or justifiable.

Paragraph 14 comprises more of the same conclusory, generalized grievance, bereft of supporting detail:

> 14. In order to induce Hay to enter into the Agreement, the Debtor made *certain false representations of material facts,* provided Hay with an [sic] *inaccurate personal information* and provided Hay with *materially false and misleading documents* concerning Debtor's services. (emphasis added).

What were the "certain false representations"? Why were those representations (whatever they were) "material"? What was the "inaccurate personal information"? What were the "materially false and misleading documents" and why were they false and misleading? When and why were they provided? How and why did plaintiff justifiably rely on any of this unspecified information? What is the basis for plaintiff's conclusion that Debtor intended to defraud as distinct from planning to provide services that plaintiff ultimately decided were unsatisfactory. Rule 9(b) requires that each of these questions be answered. Plaintiff cannot hide the ball with generalized assertions of "false representations of material facts" and the like. The mere possibility of fraud does not meet the plausibility standard of *Ashcroft v. Iqbal* cited above. 556 U.S. at 579.

Paragraphs 17 – 20 contain a modicum of detail as to particular services Debtor is alleged to have promised. But missing is the basis for plaintiff's conclusion that Debtor's promises were fraudulent. Merely because a customer is dissatisfied with services does not turn the original contractual promise to provide those services into a fraud. Under Rule 9(b) plaintiff must provide a plausible explanation for why the Debtor and/or her company engaged in fraud as distinct from merely providing services plaintiff found to be unsatisfactory (which might be a

breach of contract but is not automatically fraud). Again, *Ashcroft's* requirement that the claim be supported by sufficient detail to be plausible on its face (as distinct from merely being one theory or possibility with breach of contract being another) is not met

In differentiating between plaintiff's assertions of fraud and a more generic breach of performance, it is significant that plaintiff concedes in paragraph 22 – 23 that she received four social introductions under the Agreement, but that none of them "met Hay's criteria." Nothing could be more unique than a match-making customer's personal criteria as to who is or is not a satisfactory match. That the candidates the Debtor's company offered did not satisfy plaintiff by itself does not support a claim that Debtor fraudulently induced plaintiff to enter into the Agreement.

The balance of the Complaint is comprised of similar conclusory allegations and in no way satisfies the detail required by Rule 9(b) *Harrison*, and *Ashcroft*.

Given the foregoing, plaintiff has failed to provide any or sufficient detail as to at least four of the five elements of a cause of action for fraud under section 523(a)(2)(A): the Complaint (a) fails to identify the specific fraudulent statements of the Debtor or the dates on which they were made; (b) fails to provide any basis or detail as to why the Debtor knew the specific misrepresentations were false; (c) fails to provide detail showing that the Debtor made the misrepresentations intending to defraud plaintiff; and (d) fails to show plaintiff's justifiable reliance on the misrepresentations. In short, plaintiff has utterly failed to satisfy the pleading requirements for fraud under Rule 9(b) and Rule 12(b)(6). *See Negrete v. Citibank, N.A.*, 187 F. Supp. 3d 454,466 (S.D.N.Y. 2016) (dismissing fraud claim on Rule 12(b)(6) motion to dismiss).

WHEREFORE, because plaintiff has failed adequately to plead a claim for fraud upon which relief can be granted, the Court should dismiss the Complaint and award Debtor all other relief to which she is entitled.

        Respectfully submitted,

        */s/ Stephen E. Leach*
Stephen E. Leach (Va. Bar No. 20601)
HIRSCHLER FLEISCHER, PC
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone:    (703) 584-8902
Email: sleach@hirschlerlaw.com

*Counsel for Taylor Madison Francois Bodine*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2021, I filed a true and correct copy of the foregoing Debtor's Motion to Dismiss the Complaint with the Clerk of the Bankruptcy Court using the CM/ECF system, which will send a notification of electronic filing (NEF) to all registered ECF users appearing in this adversary proceeding.

>  */s/ Stephen E. Leach*
>  Stephen E. Leach (Va. Bar No. 20601)

14223128.1  046819.00001