**THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **TAYLOR MADISON FRANCOIS BODINE** | ) | **Case No. 21-11238-KHK** |
| | ) | **Chapter 7** |
| Debtor | ) | |
| | ) | |
| | ) | |
| **LANI HAY,** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **Adversary Proceeding** |
| | ) | **No. 21-01056-KHK** |
| **TAYLOR MADISON FRANCOIS BODINE** | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

**CREDITOR'S OPPOSITION TO MOTION TO DISMISS THE COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff/Creditor LANI HAY, ("**Hay**" or "**Creditor**"), by her undersigned attorneys, hereby opposes the Motion to Dismiss The Complaint ("**Motion**") filed by the Debtor TAYLOR MADISON FRANCOIS BODINE ("**Bodine**" or "**Debtor**"). In support of this Opposition, the Creditor states:

**I. PRELIMINARY STATEMENT**

This case involves allegations that Mrs. Bodine tricked and fraudulently induced Ms. Hay into paying $50,000 for purported "elite," "nationwide," "personal" matchmaking services.

Benjamin P. Smith (VSB 90430)
William B. Schroeder (VSB 43179, *pro hac vice* pending)
Shulman, Rogers, Gandal, Pordy & Ecker, P.A.
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854
(301) 230-5200
(301) 230-5231
*Counsel for Plaintiff*

The Court should deny Debtor's Motion, because among other things, Debtor plainly has not read the Complaint, nor properly applied the proper legal standards. Contrary to Debtor's own conclusory statements, Creditor's Complaint does adequately state a plausible claim for which relief can be granted, does properly plead fraud with particularity, and does state sufficient facts to put Debtor on notice of the claim against her. All of Debtor's rhetorical questions can be answered. Accordingly, Debtor's requested relief should be denied and the case allowed to proceed.[1]

## II. LEGAL STANDARD FOR MOTION TO DISMISS

In her Motion, Mrs. Bodine contends that Creditor's Complaint makes unsupported accusations of generalized fraud that do not meet the requirements to state a plausible claim for fraud under 11 U.S.C. § 523(a)(2)(A), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and Fed. R. Civ. P. 9(b). (Debtor's Motion, pp. 2-3) Debtor's Motion seems to use the standards interchangeably for her own purposes, ignoring the basic tenet that <u>all</u> factual allegations must be taken to be true and reasonable inferences granted in favor of the nonmoving party. *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783 (4th Cir. (S.C.) 1999).

Further, Debtor's Motion ignores that "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). And, "[g]enerally, courts should hesitate to dismiss a complaint under Rule 9(b), 'if the court is satisfied that (1) defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." *See Harrison*, at 784; *see also*, *Douglas v. GSJT, Inc.*, 623 B.R. 715, 725 (E.D.Va. Br. 2020), *quoting*, *Dwoskin v. Bank of America,* 850 F.Supp.2d 557, 569 (D.Md. 2014).

---

[1] In the event the Court determines that further factual allegations are appropriate, Creditor requests leave to amend in the alternative.

### III. ARGUMENT

Debtor's only argument in her Motion is her contention that Creditor's Complaint fails to allege fraud with particularity. Debtor's argument, however, ignores a plain reading of the specific facts alleged in Creditor's Complaint. There are sufficient facts pled to support all of the elements for a claim for fraud, fraudulent inducement, and violation of Virginia's Consumer Protection Act.

**A. There are sufficient facts plead in the Creditor's Complaint.**

Ms. Hay clearly makes numerous factual allegations in her Complaint that are more than conclusory statements as the Debtor's Motion contends. Specifically, in addition to referring to the pending, underlying lawsuit pending in Loudoun County Circuit Court, the Complaint alleges that Ms. Hay provided $50,000 pursuant to a Consulting Personal Introductions Agreement dated October 20, 2018, based on material misrepresentations made by Mrs. Bodine. Complaint, ¶¶ 9-10 & 21, pp. 2-3.[2] It must be noted that in the underlying lawsuit pending in Loudoun County Circuit Court, a claim for fraud has been raised by the Creditor against the Debtor and that underlying case has proceeded to discovery.

In her Complaint, Ms. Hay graphically describes the material misrepresentations that Mrs. Bodine made. She told Ms. Hay that the information she was providing was true (it was not). Complaint, at ¶ 12. Mrs. Bodine "falsely represented herself as a luxury matchmaking and elite relationship consulting firm in the Washington D.C. Metropolitan area." Complaint, ¶ 15, p. 3. Mrs. Bodine "falsely claimed to provide matchmaking services worldwide." *Id.* at ¶ 16, p. 3. Mrs. Bodine "falsely promised Hay that Debtor would personally interview and investigate each and every Candidate that she introduced to Hay." *Id.* at ¶ 17. On her website and in person, Mrs.

---

[2] As part of the Debtor's Complaint, Ms. Hay specifically references the underlying state court action (which was first filed on May 10, 2019) and attaches the parties' written agreement and portions of the deposition testimony of Mrs. Bodine as Exhibit 1 and 2. Complaint, ¶¶ 4 & 9.

3

Bodine "falsely promised to introduce Candidates to Hay that fell within the 'top 1% circle' and the particular criteria, qualifications, and characteristics" that Ms. Hay provided. *Id.* at ¶¶ 16 & 18, pp. 3-4.

Mrs. Bodine "falsely promised to be available to prepare and debrief Hay for the social introductions." *Id.* at ¶ 19, p. 4. Mrs. Bodine falsely represented she had a "staff" and "unique and special process." *Id.* at ¶ 20. Similarly, in Count I itself, Ms. Hay specifically alleges that Mrs. Bodine advertised, marketed and made separate false and misleading representations to Plaintiff regarding "the character and quality of her reputation, experience and abilities." Complaint, ¶ 38, p. 6. Ms. May specifically alleges Mrs. Bodine misrepresented the "nature, quality and character of her business" and the "nature, quality and character of the social introductions and processes that she purportedly employed" to introduce the Candidates to Ms. Hay. Complaint, ¶ 38. All of these facts "misled and induced Hay to reasonably believe that she [Bodine] would provide social introductions and matchmaking services." Complaint, ¶ 10, p. 3.

Ms. Hay further alleges that Mrs. Bodine "did not intend to render such services" and "never intended to make proper social introductions." Complaint, ¶ 11, p. 3. Instead, Mrs. Bodine began "blaming and criticizing Hay" as part of a scheme that Mrs. Bodine has employed against two (2) other victims. Complaint, ¶ 28, p. 4.

Ms. Hay does not simply allege that the misrepresentations were false, but she provides further details about the four Candidates to whom Mrs. Bodine introduced her. "None of the Candidates were appropriate, qualified, or met Hay's criteria." Complaint, ¶ 23. The Candidates had not spoken with Mrs. Bodine or were not familiar with her. Complaint, ¶ 24, p. 4. Mrs. Bodine was "not available" and had "no" staff. Complaint, ¶¶ 25-26. There was no "special or unique process." *Id.* at ¶ 27, p. 4.

Ms. Hay further relates these facts as part of Count I (Fraud), incorporating these prior allegations as well. Complaint, ¶¶ 29-35 and 37-39. Mrs. Bodine "did not, and could not, provide high quality, elite matchmaking services, as she had promised Hay." Complaint, ¶ 34. Debtor's Complaint also references the underlying state court action that has completed discovery and was awaiting trial before Mrs. Bodine filed her petition. Complaint, ¶ 13.

### B. Debtor's Questions Are Answered.

Even if it is a straw argument, Debtor's Motion employs a certain rhetorical device posing questions that counsel contends must be answered, but the Complaint does actually answer those questions. A plain reading of the Debtor's Complain does answer "the time, place, and contents of the false representations." *Harrison*, at 784. Accordingly, Debtor's Motion should be denied.

Specifically, Debtor's Motion questions what the "certain false representations" were. Debtors' Motion ignores Paragraphs 15-20. Complaint, ¶¶ 15-20, pp. 3-4. Debtor's Motion claims not to know what the "inaccurate personal information" is. Again, as alleged in the Complaint, Mrs. Bodine falsely represented that she was a "luxury matchmaking and elite consulting firm in the Washington D.C. area." Complaint, ¶ 15. Mrs. Bodine was not. She had no staff and no unique or specialized process. Complaint, ¶¶ 25-27. Mrs. Bodine asserted that she operated nationwide and would be familiar with and interview the Candidates; but, she was not. Complaint, ¶¶ 16 & 23-24. Debtor's Motion questions whether the Complaint identifies who made the material misrepresentations and whether they were documented. Ms. Hays' Complaint specifically states the misrepresentations were made on Mrs. Bodine's website and "in person" when she signed the parties' agreement on October 20, 2018. Complaint, ¶¶ 9-10, 12 & 16. Ms. Hay's fraud claims are plausible. *See Strategic Acquisitions v. 1433 K St. SE,* 2021

U.S. Dist. LEXIS 92707, at 21-22 * (E.D.Va. 2021) (finding plaintiff alleged with particularity the circumstances under which he was induced into the alleged contract, that defendant had no present intention to perform, and that plaintiff had alleged facts and a course of conduct that made the claim plausible).

Debtor's Motion contends that the Complaint must show how Ms. Hay relied on Mrs. Bodine's material misrepresentations, but Ms. Hay specifically alleged she "agreed to execute the Agreement and make payment of $50,000 in cash to Debtor, after reasonably relying on the Debtor's false promises and material misrepresentations." Complaint, ¶ 21. But for Mrs. Bodine's false promises and material misrepresentations, Ms. Hay would not have signed the Agreement, nor provided Mrs. Bodine with $50,000 in cash. *See Concord Crossroads, LLC v. Human Capital Res. & Concepts, Inc.,* 2021 U.S.Dist. LEXIS 110245, at *20 (E.D.Va. 2021) (denying motion to dismiss fraudulent inducement claim where plaintiff had pleaded enough facts to support a plausible claim that Defendant had no intention to perform at the time it made its promises)*, see also, Viano v. THD At-Home Servs.*, 2020 U.S. Dist. LEXIS 62990, at *12-19 (E.D.Va. 2020) (denying motion to dismiss fraudulent inducement claim where plaintiffs' fraud claim plausibly alleges plaintiffs took detrimental action in reliance on defendant's statements to enter into contract).

### C. Debtor's Cases Are Inapposite.

Defendant's Motion cites several cases for support, but those cases are inapposite and readily distinguishable. For example, Debtor's Motion cites the case of *Lind-Waldock & Co. v. Morehead*, 1 Fed.Appx. 104, 2001 U.S.App. LEXIS 25 (4th Cir. 2001). In that Chapter 7 case, there was a bench trial and the appellate court affirmed the dismissal of the fraud claim only because it found the trial judge was not clearly erroneous in finding that the debtor did not intend

to defraud. Here in this case, the Court must grant all inferences regarding intent in favor of Ms. Hay.

Likewise, the instant case is different from the *Harrison* case as well. *Harrison, supra*. In *Harrison*, in dismissing Count 4 (False Signature), the Fourth Circuit found the claimant had not identified which signature was fraudulent or unauthorized, who had perpetrated the fraud, or how the unidentified signature was fraudulent. *Harrison*, at 789. In this case, Ms. Hay specifically identifies Mrs. Bodine as the liar, details how Mrs. Bodine lied, and how Mrs. Bodine's lies induced her to sign the Agreement on October 20, 2018, and to give Mrs. Bodine $50,000 in cash. Ms. Hay's Complaint is very particular.

In the *Parkman v. Elam* case, 2009 U.S. District LEXIS 21578 (E.D.Va. (Richmond) 2009), the district court dismissed the fraud claims, because the allegations lacked particularity and did not "provide fair notice to Defendants of Plaintiffs' factual basis for the constructive fraud claim." *Parkman*, at *12-15. The pleading in this case is obviously different. Ms. Hay specifically alleged Mrs. Bodine made specific misrepresentations, inducing her to sign the Agreement on October 20, 2018, and Mrs. Bodine further has had two (2) law firms (who are also debtors) and two years of pre-discovery information in the underlying lawsuit about the nature and factual basis of Ms. Hay's claims. The actual location of their October 2018 meeting and all of the flaws of the Candidates are immaterial facts that are not necessary to provide Mrs. Bodine with fair notice of Ms. Hay's claim. After two years of civil litigation, Mrs. Bodine is quite familiar with the factual basis of Ms. Hay's claims.[3]

The case of *Wood v. Southside Physician Network, LLC*, 2019 U.S. Dist. LEXIS 126179 (E.D.Va. 2019) also simply does not compare to the facts or claims alleged in Creditor's

---

[3] For example, in Exhibit 2 to the Creditor's Complaint, counsel questioned Mrs. Bodine about her representations to Ms. Hay in their meeting, including statements about her alleged personal relationship, work experience, and familiarity with Senator Kerry. Complaint, Ex. 2, Bodine Deposition, Doc. 13-3, pp. 8-9 of 47.

Complaint. In *Wood*, the district court dismissed, because the Complaint only held out the possibility that the defendant had "fraudulently" placed Plaintiff's signature on the contested contract with the allegedly known false 120-day notice term. *Wood*, at *29. In this case, to the contrary, Ms. Hay is directly attributing specific material false statements to Mrs. Bodine that would support a claim for fraud. In this case, Ms. Hay makes more than bare assertions of general "wrongdoing," but instead she provides explicit statements by Mrs. Bodine that Ms. Hay relied on her to her detriment and that were demonstrably false.

Finally, Debtor's Motion directs the Court's attention to the case of *Negrete v. Citibank, N.A.*, 187 F.Supp. 3d 454, 462-63 (S.D.N.Y. 2015). Contrary to the assertions in Debtor's Motion, and unlike the plaintiff in the *Negrete* case, Ms. Hay provides many quotes and false statements that she attributes directly to Mrs. Bodine that led her to sign the Agreement dated October 20, 2018. Ms. Hay alleges Mrs. Bodine held herself out as an elite, luxury matchmaker with a "staff" and a unique and special process to identify qualified Candidates in the "top 1% circle" that had "an almost 100% success rate." Complaint, ¶¶ 15-20. Ms. Hay pleads specifically that none of the Candidates that Mrs. Bodine proffered were appropriate or personally interviewed by her, there was no "staff," there was no "special and unique process," and Mrs. Bodine did not have an "almost 100% success rate." Complaint, ¶¶ 23-28. Instead, Ms. Hay adequately pled that she fell victim to a scheme that Mrs. Bodine had perpetrated on others and that Mrs. Bodine simply took the $50,000 in cash for her own personal use. Complaint, ¶ 43.

### IV. CONCLUSION

The Creditor's Complaint does allege sufficient facts and the elements of fraud with particularity. On the other hand, Defendant's Motion ignores a plain reading of the Complaint

and fails to meet its burden. Defendant's cases are plainly distinguishable. For all of these reasons, the Court should deny the Motion to Dismiss.

WHEREFORE, Creditor requests that this Honorable Court deny the Motion to Dismiss filed by the Debtor and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**SHULMAN, ROGERS, GANDAL,
PORDY & ECKER, P.A.**

By:  /s/ Benjamin P. Smith
Benjamin P. Smith (VSB 90430)
William B. Schroeder (VSB 43179, *pro hac vice* pending)
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854
TEL:  (301) 230-5200
FAX:  (301) 230-2891
Email: bsmith@shulmanrogers.com
         wschroeder@shulmanrogers.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2021, I filed a true and correct copy of the foregoing **Opposition to Motion to Dismiss The Complaint and Memorandum of Points and Authorities** with the Clerk of the Bankruptcy Court using the CM/ECF system, which will send a notification of electronic filing to all registered ECF users appearing in this adversary proceeding.

/s/ Benjamin P. Smith
Benjamin P. Smith